GRIFFIN, J.
Appellant, Alejandro J. Claudio [“husband”], seeks review of aspects of a final judgment of dissolution of marriage dealing with alimony, child support, and attorney’s fees. We reverse and remand because of certain errors in the judgment that require correction or explanation.
The lower court found that husband had an average monthly net salary of $1,967.00. Given the testimony in the record concerning the husband’s earnings, this figure appears to be a mistake. It coincides with the figure contained on husband’s affidavit in which he was apparently estimating his income based upon an anticipated reduction in earnings. Further, this figure makes no sense in light of the overall financial scheme utilized by the trial court, which called for husband to make approximately $1,400.00 per month in out-of-pocket payments for alimony and child support. It is accordingly necessary to remand to the trial court for reconsideration. If it is the income figure that is erroneous, it needs to be corrected. If the income figure is what the trial court intended to find, then the alimony and child support awarded are excessive.
Assuming it is the income figure that is erroneous, based on the record evidence of husband’s income, we see no merit in appellant’s attack on the award of $1,000.00 per month as alimony to wife. The award of possession of the marital home as lump sum alimony in addition to the periodic alimony was error, however. Finding that the wife would not be able to enjoy a quality of housing comparable to that which she enjoyed during the marriage, given her financial resources, the court gave her exclusive possession of the marital home until alimony terminates or she remarries. Wife was required to make all mortgage, insurance and tax payments on the property but, if the property is sold, wife is to be given credit for all payments, improvements, and expenses prior to dividing any proceeds from the sale.
The court found the value of the marital home was $114,000.00. The mortgage amount was $57,000.00, leaving equity of $57,000.00. This property was essentially the only asset of the marriage. The trial court ruled that the assets of the marriage should be divided equally; yet, by giving the wife exclusive use and possession of the home, the court essentially reduced husband’s share of this asset to a contingent reversionary interest, thereby significantly reducing its value. No findings were made that would justify this unequal distribution.[1]
*1285 Two other issues also are affected by clarification of the husband’s income. The amount of child support appears to have been incorrectly calculated. Finally, if the $1,967.00 income figure is correct, we agree with appellant that the award of attorney’s fees to the wife would be an abuse of discretion. If the income figure as clarified is consistent with the reported income for 1994 and 1995 or if the court finds that appellant had additional unreported income, however, there would be no abuse of discretion in the award of attorney’s fees.
Given the meager assets at issue here and the extreme delay in issuance of the first judgment, the lower court should act immediately to correct the judgment.
REVERSED and REMANDED.
W. SHARP, and THOMPSON, JJ., concur.

. There was a substantial issue raised at the trial court level concerning dissipation of as *1285 sets by husband and there are other facts of record that might conceivably support an unequal distribution, but the lower court did not make any such findings.